IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARLA K. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-687-GPM |
| | ) |
| STATE OF ILLINOIS, ROGER E. WALKER, in his official capacity as Director, Illinois Department of Corrections, and SHARON MITCHELL, in her official capacity as Manager, Illinois Department of Corrections, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on a motion to dismiss filed by the State of Illinois, Roger E. Walker, and Sharon Mitchell (collectively, "Defendants") for failure to state a claim (Doc. 35). Plaintiff, Darla K. Brown ("Brown"), responded to the motion on March 14, 2006 (Doc. 47). The Court has carefully considered the pending motion and will rule without a hearing.

## BACKGROUND

On March 9, 2005, Darla Brown filed a one-count complaint against the State of Illinois and Roger Walker pursuant to the Age Discrimination in Employment Act ("ADEA"). (*See* Doc. 2.) Brown, an African-American female, worked at the Illinois Department of Corrections from May 1, 1989 until December 9, 2003, when she was terminated. At the time of her termination, her job title was Corrections Casework Supervisor. Brown alleged that her termination was motivated by

her age; she alleged that she was 48 at the time.

Twelve days later, Brown filed a first amended complaint.  (*See* Doc. 4.)  This complaint consisted of eight counts and added claims for race discrimination, Title VII retaliation, violations of Sections 1981 and 1983, defamation, interference with prospective employment, and intentional infliction of emotional distress.  The first amended complaint alleged that Brown was 50 years old, not 48.

Both the original complaint and the first amended complaint were filed on Brown's behalf by an attorney.  The attorney was allowed to withdraw on September 27, 2005 (*see* Doc. 20), and Brown now proceeds *pro se*.[1]

Although she was represented by counsel in the action then pending in the United States District Court for the Northern District of Illinois (the case was transferred to this district on a motion to transfer venue), Brown apparently decided to try her luck in state court too and, on March 17, 2005 (after the original federal complaint but before the first amended federal complaint), she filed a *pro se* complaint in Illinois state court for the First Judicial Circuit, Saline County, Illinois. The only difference between the state court complaint and the original federal court complaint is in paragraph 2 concerning where the alleged unlawful employment practices took place.  The federal court complaint alleges that the acts occurred in Sangamon County, Illinois (which is in the Central District of Illinois, not the Northern District, as the complaint alleges); the state court complaint alleges that the acts occurred in Saline County, Illinois.  (*See* Doc. 36, Ex. 1.)

---

[1] Brown has filed a motion seeking appointment of counsel, and that motion remains pending before the Magistrate Judge.  The end result of this Court's analysis renders that motion moot, but the Court notes that Brown's response to the pending motion to dismiss was well-written and far better than most pleadings filed by *pro se* litigants in this district court.

The federal case was slow to take off. Summons was not issued until June 28, 2005 (*see* Doc. 1, Northern District of Illinois docket sheet at Docs. 6-8), and Defendants did not appear through counsel until July 28, 2005. The state case, on the other hand, was much faster. On July 11, 2005, Circuit Judge Bruce D. Stewart issued an order granting Defendants' motion to dismiss and dismissed Brown's ADEA claim with prejudice. (*See* Doc. 36, Ex. 2.) Judge Stewart concluded that Brown's claims were barred by the doctrine of sovereign immunity.

Defendants argue that the instant lawsuit is barred by the doctrine of *res judicata*. Brown argues that the state court dismissal was based on a lack of jurisdiction and was not a decision on the merits, therefore, *res judicata* does not bar the instant claims. Brown also argues that she raises numerous new issues in the federal case and has added a defendant, Sharon Mitchell. Mitchell was named only in the first amended complaint in federal court. She is not a party in the state court complaint or the original federal complaint.

## ANALYSIS

This Court has original jurisdiction over Counts I through V of the first amended complaint under 28 U.S.C. § 1331 and supplemental jurisdiction over Counts VI, VII, and VIII under 28 U.S.C. § 1367.

As a preliminary matter, the Court notes the standard under which it must consider a motion to dismiss for failure to state a claim upon which relief can be granted brought pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion to dismiss, a court must take all allegations in a complaint to be true, and view them, along with all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir. 1981). Furthermore, because Brown appears before the Court *pro se*, her complaint, "however

inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Haines v. Kerner*, 404 U.S. 519 (1972) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *accord Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Under the version of the doctrine of *res judicata* adopted by the United States Court of Appeals for the Seventh Circuit, a subsequent action is barred when three elements are met: "(1) a final judgment on the merits in a prior action; (2) the identity of the cause of action in both the prior and subsequent suits; and (3) the identity of parties or privies in these suits." *Crop-Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir. 1989) (*citing Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir. 1988)). The preclusive effect of the federal doctrine of *res judicata* bars not only those issues which actually were decided in a prior action but also any issues which could have been raised. *Id.*

Although the entire record of the state court case is not before this Court, the Court takes judicial notice of the fact that Circuit Judge Stewart dismissed the state court complaint with prejudice on the basis of the doctrine of sovereign immunity. A defense based on sovereign immunity under the Eleventh Amendment "does not deprive the federal court of its subject-matter jurisdiction." *Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000). Judge Stewart's order states clearly that Brown's complaint is dismissed "with prejudice" – another way of saying "on the merits" – it says nothing about lack of jurisdiction. The first requirement that there be a final judgment on the merits in a prior action is met.

The second requirement, that there be an identity of the cause of action in both the prior and

subsequent suits, is also met in this case. A cause of action:

> consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted, and *res judicata* bars the latter section.

*Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 1982) (*quoting Morris v. Union Oil Co. of California*, 421 N.E.2d 278, 285 (Ill. App. Ct. 5th Dist. 1981)). In the instant action, it is evident from Brown's complaint that the "operative facts" underlying both the state court complaint and this federal action consist of claims by Brown that Defendants wrongfully terminated her employment with the Illinois Department of Corrections.

The third element of *res judicata*, an identity of parties or their privies in the earlier and later suits, is satisfied. Even though Sharon Mitchell was not a party to the state court complaint, the Court notes that Brown's claims of employment discrimination could not be brought against Mitchell. A claim against Mitchell in her official capacity is nothing more than a claim against the state, and the state was already a party to the suit. And there can be no claim against an individual for employment discrimination, because an individual does not meet the definition of an "employer" under the relevant statutes. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995).

The elements of *res judicata* having been established, Brown is barred from re-litigating not only those issues that were actually decided in the state court case but also all other issues that could have been decided in that action. *Crop-Maker Soil Servs., Inc.*, 881 F.2d at 439. Therefore, Brown's federal claims are barred by the doctrine of *res judicata*.

The Court declines to exercise supplemental jurisdiction over the state claims: defamation

(Count VI); interference with prospective employment (Count VII); and intentional infliction of emotional distress (Count VIII).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 35) is **GRANTED**, and the federal claims (Counts I through V) are **DISMISSED on the merits**. The Court declines to exercise jurisdiction over the remaining claims (Counts VI through VIII), and they are **DISMISSED without prejudice** for lack of jurisdiction. The Clerk shall enter judgment accordingly, and the parties shall bear their own costs.

**IT IS SO ORDERED.**

DATED:  03/30/06

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge